1  TRACY L. WILKISON
   Acting United States Attorney
2  BRANDON D. FOX
   Assistant United States Attorney
3  Chief, Criminal Division
   SHAWN J. NELSON (Cal Bar No. 185149)
4  Assistant United States Attorney
   Chief, International Narcotics,
5   Money Laundering, & Racketeering Section
   ROGER A. HSIEH (Cal. Bar No. 294195)
6  CAROLYN S. SMALL (Cal. Bar No. 304938)
   Assistant United States Attorneys
7  Major Frauds Section
        1400/1100 United States Courthouse
8       312 North Spring Street
        Los Angeles, California 90012
9       Telephone: 213-894-5339/0600/2041
        Facsimile: 213-894-0141
10      E-mail: Shawn.Nelson@usdoj.gov
                Roger.Hsieh@usdoj.gov
11              Carolyn.Small@usdoj.gov

12 Attorneys for Plaintiff
   UNITED STATES OF AMERICA
13

14                 UNITED STATES DISTRICT COURT

15             FOR THE CENTRAL DISTRICT OF CALIFORNIA

16 UNITED STATES OF AMERICA,          No. 2:14-CR-00384(A)-SVW

17        Plaintiff,                  STIPULATION REGARDING REQUEST FOR
                                      (1) CONTINUANCE OF TRIAL DATE AND
18        v.                          (2) FINDINGS OF EXCLUDABLE TIME
                                      PURSUANT TO THE SPEEDY TRIAL ACT;
19 JIANJUN QIAO,                      DECLARATION OF NINA MARINO;
                                      EXHIBIT A; DECALRATION OF CAROLYN
20        Defendant.                  SMALL; [PROPOSED] ORDER

21                                    **CURRENT TRIAL DATE:**  8/3/21
                                      **PROPOSED TRIAL DATE:**  2/8/22
22

23       Plaintiff United States of America, by and through its counsel

24 of record, the Acting United States Attorney for the Central

25 District of California and Assistant United States Attorney

26 Attorneys Roger A. Hsieh, Shawn J. Nelson, and Carolyn S. Small and

27 defendant Jianjun Qiao ("defendant"), both individually and by and

28

through his counsel of record, Nina Marino and Jennifer Lieser, hereby stipulate as follows:[1]

1.   The First-Superseding Indictment in this case was filed on December 14, 2018.  Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on June 1, 2020.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before August 10, 2020.

2.   On June 1, 2020, the Court set a trial date of July 28, 2020.

3.   Defendant is detained pending trial.  The parties estimate that the trial in this matter will last approximately twelve to fifteen trial days, and the government filed a Complex Case Notice.

4.   The Court has previously continued the trial date in this case from July 28, 2020, to March 16, 2021, and from March 16, 2021, to August 3, 2021, and found the interim periods to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

5.   By this stipulation, the parties move to continue the trial date to February 8, 2022.  This is the third request for a continuance.

6.   The parties request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.   Defendant is charged with conspiracy to commit immigration fraud and interstate and international transport of

---

[1] In the event the Court denies this stipulation, the parties request a status conference regarding the current trial date.

2

stolen money in violation of 18 U.S.C. § 371, conspiracy to commit

money laundering in violation of 18 U.S.C. § 1956(h), and three

violations of financial transactions in criminally derived property

in violation of 18 U.S.C. § 1957.

     b.   On June 9, 2020, the Court entered a Protective Order

regarding discovery containing Personal Identifying Information and

Confidential Witness Information.  The government has produced over

75,000 pages of discovery to defendant's previous counsel in

productions in June 2020 and January 2021, including documents in

foreign languages that require translation.

     c.   On February 18, 2021, defendant's current counsel

substituted in as counsel of record and represent they received the

discovery from prior counsel in March 2021.  (Marino Dec. at ¶¶ 2,

3.) Thus, current counsel have only had a few months to review more

than 75,000 pages of discovery while preparing for multiple, complex

trials as described below.  Much of the discovery produced relates

to an investigation that occurred in China and included the

interviews in China of approximately 50 Chinese nationals who only

speak Chinese. In addition, documents were produced in Mandarin for

which defense requested a translation to English.  Moreover, review

of the previously produced 75,000 pages of discovery has led to the

identification of additional documents that the defense requested on

May 10, 2021, and which may necessitate further translation and

investigation. (Marino Dec. at ¶ 7.)

     d.   On May 10, 2021, current counsel provided Discovery

Request #1 (Marino Dec., Ex. A) to the government which relates to

items of discovery the defense believes are essential to the proper

and effective preparation of the matter for trial. (Marino Dec. at ¶

6.)   Although the government believes that the defense is not entitled to certain records in its Discovery Request #1, the government represents it will still require additional time to locate, produce, and potentially translate the requested materials and otherwise respond or object to these requests.  Many of the requested records are in China and may require the government to submit a request for documents from China through a Mutual Legal Assistance Agreement (MLAA).  Requesting documents through a MLAA request can take months and requires that the government translate its MLAA request into Mandarin. (See Marino Dec. at ¶ 8.)

        e.   Due to the nature of the prosecution, including the charges in the indictment and the voluminous discovery, portions for which the defense has requested translation, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

        f.   From about August 11, 2020, to present, defendant has been housed at the San Luis Regional Detention Center, a private contract facility in Arizona.  Both previous and current counsel represent that communication with defendant requires advance planning, sometimes up to a week, due to both the location of the housing facility, its protocols, and the language barrier in that defendant does not speak English, requiring the need for interpreter services to be arranged.  Thus, counsel's ability to communicate

with defendant poses certain challenges and time delays not usually present in the attorney-client relationship.[2]

g.   Additionally, due to the constraints imposed by the protective order, which are further complicated due the language barrier and the need for an interpreter, despite counsel's best efforts, Mr. Qiao has to date only reviewed less than 25% of the discovery produced by the government.In order to properly prepare for trial counsel represents that Mr. Qiao will need to review and be familiar with all discovery in order to effectively participate in his defense. (Marino Dec. at ¶ 9.)

h.   Additionally, defense represents Mr. Qiao was recently diagnosed with aggressive desmoid tumors. https://www.mayoclinic.org/diseases-conditions/desmoid-tumors/symptoms-causes/syc-20355083#:~:text=Desmoid%20tumors%20are%20noncancerous%20growths,don't%20require%20immediate%20treatment. Mr. Qiao suffers from severe headaches every day requiring painkiller medication as well as high blood pressure of 160 mm Hg. His medical condition creates an additional impediment to trial preparation and requires that additional time be afforded for this preparation in order to effectively participate in his defense. (Marino Dec. at ¶ 10.)

i.   Defense counsel are presently scheduled to be in the following matters:

---

[2] Defense counsel represents they are awaiting Mr. Qiao's transfer to MDC.

    i.  <u>United States v. Farber</u>, 17-CR-00188, in the Eastern District of California.  This matter is set for sentencing on August 6, 2021.

    ii.  <u>United States v. Gharehbagloo</u>, 19-CR-00339, in the Central District of California.  This is a five- to seven-day multi-defendant, conspiracy, wire fraud, bank fraud, computer fraud, and money laundering trial scheduled for August 31, 2021.

    iii. <u>United States v. Carrico, et al.</u>, 18-CR-00120 & 18-CR-00121, in the Central District of California.  This is a five-week multi-defendant, complex health care fraud conspiracy trial scheduled for September 14, 2021. The alleged conspiracy in *Carrico* dates back to 2004 and discovery exceeds one million documents.

    iv.  <u>United States v. Heinel, et al.</u>, 19-CR-10081, in the District of Massachusetts.  This is a six- to eight-week multi-defendant trial scheduled for November 16, 2021. The *Heinel* case is part of the "Varsity Blues" investigation regarding college admissions and is being prosecuted in Boston, and defendant Heinel is the highest-ranking administrator charged with RICO, wire fraud, mail fraud, bribery, and other crimes in this highly complex and discovery-intensive matter. Discovery in *Heinel* exceeds two million documents.

    v.  <u>United States v. Bartz</u>, 20-CR-00432, in the Central District of California.  This matter is set for sentencing on February 7, 2022.

    vi.  <u>United States v. Castaneda</u>, 18-CR-00049, in the Central District of California.  This is a four-week drug trafficking and money laundering trial set for March 15, 2022.

vii. <u>United States v. Suatac, et al.</u>, 16-CR-0116, in the Northern District of California.  This is a four- to five-week complex fraud and money laundering trial set for June 20, 2022.

viii.     Accordingly, counsel represent that they will not have the time that is necessary to prepare to try this case on the current trial date.

j.   In light of the foregoing, counsel for defendant also represent that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel also represent that in this case, because of the volume of discovery, the sensitive nature of some of the discovery and the court's attendant protective order, defendant's custody status and location, and defendant's language status, extensive time will be necessary to review discovery with defendant in order to prepare for pretrial litigation and trial.  Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

k.   Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

7.   Defendant also requests the continuance based upon the following facts related to the COVID-19 pandemic, which the parties also believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.   On March 13, 2020, following the President's declaration of a national emergency in response to COVID-19, the Court entered a General Order suspending jury selection and jury trials.  C.D. Cal. General Order No. 20-02 (Mar. 13, 2020).

b.   The suspension of jury trials was one of the many health and safety restrictions adopted in response to COVID-19. During the pandemic, the Court has imposed limitations on access to Court facilities, suspended grand jury proceedings, and maximized the use of video-teleconference and telephonic hearings.  See, e.g., C.D. Cal. General Order No. 20-03 (Mar. 13, 2020); C.D. Cal. Order of the Chief Judge No. 20-042 (Mar. 19, 2020); C.D. Cal. Order of the Chief Judge No. 20-043 (Mar. 29, 2020); C.D. Cal. Order of the Chief Judge No. 20-044 (Mar. 31, 2020); C.D. Cal. General Order No. 20-08 (May 28, 2020); C.D. Cal. General Order No. 20-09 (Aug. 6, 2020); C.D. Cal. Order of the Chief Judge No. 20-179 (Dec. 7, 2020); C.D. Cal. Order of the Chief Judge No. 21-002 (Jan. 6, 2021); C.D. Cal. Order of the Chief Judge No. 21-031 (Mar. 16, 2021); C.D. Cal. General Order No. 21-03 (Mar. 19, 2021).

c.   The Court's orders were based on the California Governor's declaration of a public-health emergency in response to COVID-19 and the Centers for Disease Control's guidance to reduce exposure to the virus and slow its spread.  See, e.g., General Order 20-02, at 1; Chief Judge Order 20-042, at 1-2; General Order 20-09, at 1.  Local conditions necessitated an especially robust response. California has reported over 3.6 million COVID-19 cases and over 60,000 deaths.  See https://covid19.ca.gov/state-dashboard/.  The Central District of California has been one of the hardest hit areas in the nation, with over 2 million reported cases and approximately

40,000 deaths.  See https://www.nytimes.com/
interactive/2021/us/california-covid-cases.html.  State and local
orders at various times during the pandemic have required residents
to stay home, prohibited travel, closed businesses, and suspended
in-person schooling.  See, e.g., California Executive Order N-33-20
(Mar. 19, 2020); Safer at Home, Public Order Under City of Los
Angeles Emergency Authority (Mar. 19, 2020); California Regional
Stay at Home Order 12/03/2020 (Dec. 3, 2020); Blueprint for a Safer
Economy, https://covid19.ca.gov/safer-economy/.  At the height of
the pandemic, ICU availability in the Central District of California
dropped to 0.0%.  Chief Judge Order 21-002, at 1.

        d.   The Federal Bureau of Prisons (BOP) has likewise
adopted aggressive procedures to protect federal inmates and combat
the spread of COVID-19.  The BOP's response has included facility
lockdowns, quarantine and isolation measures, restrictions on inmate
movement and visitation, and a nationwide vaccination campaign.

        e.   Given these facts, the Central District suspended
jury trials to protect public health, reduce the size of public
gatherings, and avoid unnecessary travel.  See General Order 20-09,
at 1.  Now, based on improving conditions and data trends documented
in accordance with California's Blueprint for a Safer Economy, the
Central District has entered the final phase (Phase 3) of its phased
reopening plan.  In the Southern Division, jury trials will resume
on May 10, 2021.  C.D. Cal. General Order No. 21-07, at 3 ¶ 3(a)
(Apr. 15, 2021).  In the Western and Eastern Divisions, jury trials
will resume on June 7, 2021.  See id., at 3 ¶ 3(b).

        f.   As these measures reflect, the coronavirus pandemic
is a global emergency that is unprecedented in modern history.  The

COVID-19 pandemic has required people to take extreme measures to limit contact, and the Central District of California suspended jury trials to safeguard public health.  Jury trials have not yet resumed, and even once they do, there will be a substantial backlog of cases that have been continued to protect the public.  Moreover, the Central District has designed COVID-related jury trial protocols "to protect the health and safety of all trial participants," and those protocols will limit the number of jury trials that can be conducted simultaneously.  General Order 21-07, at 2-3 ¶ 4.

g.   Based on continued public health concerns and the adoption of safety protocols that will limit the number of jury trials in order to maintain social distancing and protect all trial participants, a continuance of the trial date in this matter will serve the ends of justice and outweigh the interests of the public and defendant in a speedy trial.  The parties stipulate to that fact, and it is consistent with the Central District's finding. General Order 21-07, at 3 ¶ 4.  The parties further stipulate that under the extraordinary circumstances of the COVID-19 pandemic, the requested continuance is not based on general congestion of the Court's calendar, lack of diligent preparation by counsel, or any failure on the part of the government to obtain available witnesses. The government does not object to the request for a continuance.

h.   Failure to grant the requested continuance would likely make a continuation of the proceeding impossible or result in a miscarriage of justice, particularly given the need for a complete and continuously serving jury, which is central to the sound administration of justice.  Failure to grant a continuance would

also likely put parties, witnesses, jurors, venirepersons, counsel, and Court personnel at risk.

      i.   Moreover, and under the specific circumstances of this case, a continuance is particularly appropriate here because due to current travel restrictions and quarantine requirements, defense counsel have found it exceedingly difficult to meet with witnesses, conduct a thorough investigation of facts, and perform the other functions necessary to prepare this case for trial by August 2021. The indictment alleges a conspiracy involving defendant who is a citizen of the People's Republic of China ("PRC"). As a result, key defense witnesses in this case are located outside of the United States, primarily in China. Travel to and from these locations is currently severely restricted and, in many cases, entirely prohibited. The PRC, due to COVID-19, suspended entry by U.S. Citizens into the PRC since March 28, 2020, even for those holding visas or residence permits. On August 10, 2020, the ban was modified to allow entry of some nationals, not including the United States. A November 3, 2020, update from the U.S. Embassy notes that foreign nationals with valid residence permits and visa may now enter the PRC under certain conditions. But even if such travel is permitted by the PRC government under certain conditions, U.S. travelers to China will be subject to mandatory testing and a fourteen-day quarantine requirement upon arrival in China. See U.S. Embassy & Consulates in China: Covid-19 Information, https://china.usembassy-china.org.cn/covid-19-information/; U.S. Department of State Travel Advisory, April 20, 2021: China-Level 3: Reconsider Travel. https://travel.state.gov/content/travel/en/traveladvisories/travelad

visories/china-travel-advisory.html.  Accordingly, even if trips to the PRC are possible, any such travel would require at least two weeks of quarantine.  As a result, travel to interview witnesses having information critical to the case has been rendered virtually impossible within the time period left before trial.

8.    Based on all of the foregoing, for purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of August 3, 2021, to February 8, 2022, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's findings that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution and discovery that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

//

//

//

1    9.    Nothing in this stipulation shall preclude a finding that

2   other provisions of the Speedy Trial Act dictate that additional

3   time periods be excluded from the period within which trial must

4   commence.  Moreover, the same provisions and/or other provisions of

5   the Speedy Trial Act may in the future authorize the exclusion of

6   additional time periods from the period within which trial must

7   commence.

8        IT IS SO STIPULATED

9    Dated: May 24, 2021              Respectfully submitted,

10                                     TRACY L. WILKISON
                                       Acting United States Attorney
11
                                       BRANDON D. FOX
12                                     Assistant United States Attorney
                                       Chief, Criminal Division
13

14                                     _____/s/_____
                                       ROGER A. HSIEH
15                                     SHAWN J. NELSON
                                       CAROLYN S. SMALL
16                                     Assistant United States Attorneys

17                                     Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA
18

19                                     _/s/ authorization via email_____
                                       NINA MARINO
20                                     JENNIFER LIESER
                                       Attorneys for Defendant
21                                     JIANJUN QIAO

22

23

24

25

26

27

28

1    DECLARATION OF NINA MARINO

2       I am Jianjun Qiao's attorney.  I have carefully discussed every

3    part of this stipulation and the continuance of the trial date with

4    my client.  I have fully informed my client of his Speedy Trial

5    rights.  To my knowledge, my client understands those rights and

6    agrees to waive them.  I believe that my client's decision to give

7    up the right to be brought to trial earlier than February 8, 2022,

8    is informed and voluntary.

9

10   _Nina Marino (Per Authorization)_          _5/13/2021_

11   NINA MARINO                              Date
     Attorney for Defendant
12   JIANJUN QIAO

13

14      This agreement has been read to me in Mandarin, the language I

     understand best, and I have carefully discussed every part of it
15
     with my attorney. I understand my Speedy Trial rights.  I
16
     voluntarily agree to the continuance of the trial date and give up
17
     my right to be brought to trial earlier than February 8, 2022.
18
     _Jian Jun Qiao_                          _5/19/2021_
19   JIANJUN QIAO                             Date

20

21               CERTIFICATION OF INTERPRETER

22      I, ___Yixin Qiao___, am fluent in the written and spoken English

23   and Mandarin languages.  I accurately translated this entire

24   agreement from English into Mandarin to defendant JianJun Qiao on

25   this date.

26   _____          **5/20/2021**

27                                      Date

28

                            14